**Elton ALLKO, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5094–ag.**

United States Court of Appeals, Second Circuit.

May 8, 2006.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Stephen J. Sorenson, Acting United States Attorney for the District of Utah, Diana Hagen, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Elton Allko, (A 79 414 802), though counsel, petitions for review of the September 2, 2004 BIA decision affirming Immigration Judge ("IJ") Michael W. Straus' decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Secaida–Rosales v. INS*, 331 F.3d 297, 307

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

(2d Cir.2003) (internal quotation marks and citations omitted).

In this case, Allko's claim fails for the reasons stated by the IJ. The IJ properly found that Allko testified inconsistently with his previous statements to immigration officials concerning why he came to the United States and feared being returned to Albania. Moreover, the record does not contain any evidence supporting Allko's conclusory assertions that members of the Socialist Party were responsible for detonating an explosive device in front of his family's home, or that the bomb was intended to harm him because of his Democratic Party membership. Because the IJ cited specific instances of contradictory testimony, substantial evidence supports the IJ's adverse credibility determination, and the application for asylum and withholding of removal were properly denied. *See Secaida–Rosales,* 331 F.3d at 307.

Since the IJ's decision was based primarily on Allko's incredible testimony, we need not address whether the IJ erred in his alternative ruling that, even if Allko's testimony were credible, he failed to establish past persecution or a well-founded fear of persecution. Moreover, because Allko did not provide any evidence that he would be tortured if returned to Albania, the IJ properly denied CAT relief as well. *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DENIED as moot.